# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VINCENT WAYNE MCGEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-948-M |
| | ) | |
| JAMES RUDEK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a prisoner appearing pro se, has filed a petition pursuant to 28 U.S.C. 2254 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In response to this Court's order [Doc. No. 10], Petitioner has also filed a document captioned "Petitioner's Motion to Show Cause and Motion for Equitable Tolling (Petitioner's Show Cause) [Doc. No. 11]. Respondent has filed a Motion to Dismiss the petition as time barred [Doc. No. 16] and a Brief in Support (Respondent's Brief) [Doc. No. 15]. Petitioner filed a response to the motion (Petitioner's Response) [Doc. No. 19]. In response to another order by the Court [Doc. No. 20], Respondent filed a Supplemental Brief in Support of Motion to Dismiss (Supplemental Brief) [Doc. No. 22]. For the reasons set forth hereafter, it is recommended that Respondent's motion be granted and the petition dismissed as untimely.

## I.      Background

Petitioner asserts that he was convicted after a jury trial of various drug related offenses including two counts of trafficking and additional counts of distribution of illegal

drugs, unlawful use of a surveillance camera and a police radio, and possession of a firearm in Case No. CF-2007-38, in the District Court of Stephens County, Oklahoma. Petition, p. 1. Petitioner was sentenced to two life sentences on the trafficking counts and additional terms of imprisonment on the remaining counts. *Id.* On October 20, 2008, his convictions and sentences were affirmed by the Oklahoma Court of Criminal Appeals (OCCA). *Id.*, Ex. 2, (Summary Opinion). Petitioner filed an application for post-conviction relief on March 12, 2009, which was denied by the state district court on June 1, 2009. Petition, Ex. 5 (Order of Summary Disposition). The OCCA affirmed the denial by order dated October 9, 2009. *Id.*, Ex. 11 (Order Affirming Denial of Post-Conviction Relief).

In his Petition, filed at the earliest on August 31, 2010,[1] Petitioner raises seventeen grounds for federal habeas relief. Respondent contends that the Petition is untimely and should therefore be dismissed pursuant to 28 U.S.C. § 2244(d).

**II.   Analysis**

   **A.  Applicable Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which took effect on April 24, 1996, amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

---

[1]The Petition was received and file-stamped in this Court on September 1, 2010; however, the Petition is deemed filed when Petitioner gave it to prison authorities for mailing. *Fleming v. Evans*, 481 F.3d 1249, 1255, n. 2 (10th Cir. 2007); *Hoggro v. Boone*, 150 F.3d 1223, 1227 (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). The undersigned has therefore assumed a filing date of August 31, 2010, the date Petitioner signed the Petition. Petition, p. 7.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Because Petitioner fails to allege any facts that would implicate the provisions set forth in Section 2244(d)(1)(B), (C), or (D), the period of limitation runs from the date the judgment became "final" as provided by Section 2244(d)(1)(A). *Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000).

Petitioner did not seek a writ of certiorari in the United States Supreme Court, Petition, p. 3; therefore, his conviction became final on January 18, 2009, when the ninety day time period for filing a certiorari petition expired. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The AEDPA's one-year statute of limitations period began to run the following day, January 19, 2009, and expired one year later, on January 19, 2010. *See Haws v. Jorgenson*, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. Mar. 14, 2007)("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004."); *United States v. Hurst*, 322 F.3d 1256 (10th

3

Cir. 2003) (holding that one-year limitation period under § 2244(d)(1) expires on anniversary date of the triggering event). Absent statutory or equitable tolling of the limitations period, the instant petition is untimely.

**B. Statutory Tolling**

In order to toll the limitation period pursuant to 28 U.S.C. § 2244(d)(2), an action for post-conviction relief must be commenced within the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Petitioner filed an application for post-conviction relief on March 12, 2009, and the district court's denial was affirmed by the OCCA on October 9, 2009. Petition, Exs. 5 and 11. Both parties agree that the limitations period was tolled during this time; according to Respondent's calculation which Petitioner does not contest, the limitations period was tolled for a total of 211 days or until August 17, 2010. Petitioner's Show Cause, p. 2; Respondent's Motion to Dismiss, pp. 2-3. Thus, absent equitable tolling, the petition, filed on August 31, 2010, is time-barred.

**C. Equitable Tolling**

Petitioner concedes that his Petition was filed beyond the one-year limitation period. Petitioner's Response, p. 21 (acknowledging that in his previously filed Show Cause, Petitioner "explained the circumstances as to why his Petition was filed 14 days late").[2] Petitioner argues, however, that he is entitled to equitable tolling of the limitation period because he is actually innocent and because uncontrollable circumstances, specifically prison

---

[2]Unless otherwise indicated, quotations in this report are reproduced verbatim.

4

lock-downs, prevented him from timely filing his habeas petition. *See* Petitioner's Show Cause [Doc. No. 11] and Petitioner's Response [Doc. No. 19].

The Supreme Court has recently held that the AEDPA's statutory limitations period (§ 2244(d)) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, __U.S.__, 130 S.Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling, however, only if he demonstrates "(1) that he has been pursuing his rights diligently,[3] and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted). In any event, equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). The petitioner bears "a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (identifying the showing required of the petitioner for equitable tolling of the limitations period under 28 U.S.C. § 2244(d)). For the following reasons, the undersigned finds that Petitioner has not shown that the limitations period should be equitably tolled.

**1. Prison Lockdown**

Petitioner first claims that he was prevented from filing his Petition timely because of uncontrollable circumstances, namely two instances of prison lockdowns. Specifically,

---

[3]The Tenth Circuit Court of Appeals has recently held that where a petitioner argues that he is entitled to equitable tolling based on a substantial claim of actual innocence, no showing of diligent pursuit of such actual innocence claim is required. *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

5

he claims that forty-three days after the OCCA's affirmance of the denial of his application for collateral review, he was locked down for 142 days from November 21, 2009 until April 12, 2010, due to a race riot which erupted on C-Unit, and that thereafter because of another riot, a second lockdown was ordered for an additional nineteen days between July 23, 2010, and August 11, 2010. Petitioner's Show Cause, pp. 2-3. Petitioner asserts that during the initial lockdown, he "was unable to work (i.e., computerize) his petition, motions, and brief because said pleadings were stored in the prison law library computer, in which Petitioner could not obtain access to the law library due to security reasons beyond his control." *Id.* He claims that he "never stopped pursuing his rights diligently." *Id.*

The Tenth Circuit Court of Appeals has not only limited equitable tolling of the § 2244(d) limitations period to "rare and exceptional circumstances" but has specifically found that a "prison lock down does not qualify as extraordinary" for purposes of equitable tolling. *Dill v. Workman*, 288 Fed. Appx. 454, 457 (10th Cir. 2008). Even assuming, however, that the lockdowns in Petitioner's case qualified as rare and exceptional circumstances, to be entitled to equitable tolling, he must also demonstrate that such events prevented the timely filing of his federal habeas action. *See Gifford v. Everett*, 28 Fed. Appx 748, 751 (10th Cir. 2001)(finding no basis for equitable tolling despite curtailed library access due to a six month prison lockdown absent showing that such circumstance prevented timely filing of habeas petition); *see also Pfeil v. Everett*, 9 Fed. Appx. 973 (10th Cir. 2001)(allegations of prison lockdown for a "short period" (from August to December) and denial of requested legal material for a few months were insufficient to toll the limitation period where petitioner had

6

several months of normal access to the law library after release from lockdown during pendency of the limitation period). Thus, even assuming, as he asserts, that Petitioner was unable to access the law library and unable to access the computer on which his petition was stored for a total of approximately 161 days out of the one-year limitation period, Petitioner fails to demonstrate that the lockdowns prevented him from timely filing his Petition. Like the petitioner in *Pfeil*, Petitioner had several months after the first prison lockdown ended in which to finalize and timely file his Petition. Moreover, although he admits that the second, nineteen day lockdown had ended by August 11, 2010, Petitioner offers no explanation for his failure to file the Petition within the time remaining before the limitation period expired on August 17, 2010.[4]

**2. Actual Innocence**

Finally, Petitioner contends that his "actual innocence" should serve to equitably toll the limitations period. To demonstrate his actual innocence, however, Petitioner is required to support his claims of constitutional error with new, reliable evidence not presented at trial. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995). Moreover, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted); *see also*, *Lauren v. Leyba* 507 F.3d 1230, 1233 (10th Cir. 2007).

In support of his claim of innocence, Petitioner offers "eyewitness" testimony and

---

[4]In fact, Petitioner acknowledges that he was allowed "to retrive a print out of the petition, motions and brief" after the lockdown was over when he was apparently aware "there were only 4 days on the clendar to file his petition." Petitioner's Show Cause, p. 16.

focuses on evidence collected during a search of his house. According to Petitioner, the State's primary witness, the investigator who searched his house, found a jacket belonging to someone other than Petitioner with a glass jar containing drugs inside a pocket of the jacket. Petitioner asserts that his constitutional right to due process was violated when the investigator suppressed this evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) (suppression by prosecution of evidence favorable to an accused violates due process where evidence is material either to guilt or punishment). Petitioner further contends that the investigator committed perjury by testifying that he did not know to whom the jacket belonged. According to Petitioner, however, his wife's affidavit proves that she told the investigator that the jacket did not belong to Petitioner. *See* Petitioner's Response in Opposition to Respondent Motion and Brief [Doc. #19] at 7. Petitioner theorizes that the jar of drugs found in the pocket of a jacket belonging to another person was actually evidence favorable to him, as it suggests that someone other than Petitioner owned some of the drugs found in the search.[5] The evidence upon which Petitioner relies is not "newly discovered evidence." Moreover, this claim does not present a colorable claim of factual innocence. *See United States v. Payne*, __ F.3d __, 2011 WL 1760423 at *2 (10th Cir. 2011). ("[E]ven if a

---

[5]Petitioner's claim that he would not have been convicted of Count I had the jacket and its contents been made known to him and to the jury must fail. Under Oklahoma law, possession can be either actual or constructive. Therefore, the drugs could have been attributable to Petitioner based on a theory of constructive possession because the drugs were found in Petitioner's house. *See White v. State*, 900 P.2d 982, 986 (Okla. Crim. App. 1995) (constructive possession may be proved by circumstantial evidence, and possession need not be exclusive). In any event, additional drugs were discovered in Petitioner's home which support his convictions for distribution and trafficking. *See* Tr. I, 190-192, 211-217, 223-231; Tr. II, 430-432, 455-456, 460-474.

8

colorable claim of actual innocence might be entitled to special treatment [Petitioner's] claim is not colorable."). At best, the factual scenario which Petitioner presents is an attempt to claim legal innocence based on insufficiency the evidence against him.[6] Petitioner's claim of innocence fails to show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Schulp*, 513 U.S. at 327.

Because Petitioner's grounds for equitable tolling are insufficient, it is recommended that his Petition be dismissed as untimely filed.

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that Respondent's motion to dismiss [Doc. No. 9] be granted and the petition for a writ of habeas corpus be dismissed as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation in accordance with Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of this Court by the 22nd day of August, 2011. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his

---

[6]The record reflects substantial evidence of Petitioner's guilt including testimony by Petitioner's cousin regarding controlled purchases of crack cocaine by Petitioner (Tr. I, 175-176), testimony regarding the discovery of a lock box key, a wad of cash and crack cocaine underneath Petitioner who was lying in bed in his bedroom (Tr. I, 190-192, 211-217; Tr. II, 430-432, 455-456), testimony regarding the discovery of a television monitor in Petitioner's bedroom which received signals from a camera on the back of Petitioner's house (Tr. I, 223-231; Tr. II, 460-474), testimony regarding the discovery of two police scanners - one in the living room and one in the Petitioner's bedroom and discovery of a lock box found near Petitioner's bed which contained a list of police radio frequencies and money used to make a controlled cocaine purchase (Tr. I, 210-212, 215; Tr. II, 288-290). In addition, evidence was presented that after Petitioner's arrest and release on bond, another controlled buy of drugs was made from Petitioner (Tr. I, 195; Tr. II, 276-278, 415-421) and a second search warrant on Petitioner's house and premises yielded additional drugs. (Tr. I, 219-220).

9

right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 2nd day of August, 2011.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE