# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VINCENT WAYNE MCGEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-948-M |
| | ) | |
| JAMES RUDEK, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is petitioner's Motion for Reconsideration, filed August 29, 2013. In his motion, petitioner moves this Court to reconsider its Order entered August 15, 2013 [docket no. 56], denying petitioner's Motion Seeking Relief from Order/Judgment ("Motion for Relief") [docket no. 52] due to it being untimely pursuant to Federal Rule of Civil Procedure 60(c)(1) [1].

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

---

[1] Federal Rule of Civil Procedure 60(c)(1) provides:
> **(c) Timing and Effect of the Motion.**
> **(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(c)(1).

Petitioner, in his Motion for Relief, moved the Court pursuant to Federal Rules of Civil Procedure 60(b)(6)[2] and 60(d)(1),(2),(3)[3] to set aside the Court's Order entered August 30, 2011. This Court found petitioner's Motion for Relief was untimely based on Federal Rule of Civil Procedure 60(c)(1). Petitioner asserts that neither Rule 60(b)(6) or Rule 60(d)(1),(2),(3) "impose a fixed time period to make a motion pursuant thereto." Petitioner's Motion for Reconsideration ¶ 2. The Court agrees with this assertion, and, in order to correct this error, finds petitioner's Motion for Reconsideration should be granted and the Court's Order entered on August 15, 2013 should be vacated.

After carefully reconsidering petitioner's Motion for Relief, the Court finds that petitioner did not advance any new arguments in his Motion for Relief that would justify relief from this Court's Order entered on August 30, 2011. Petitioner requests this Court set aside its Order because it is contrary to 28 U.S.C. §§ 2243 and 636(b)(1)(c). 28 U.S.C. § 2243 provides that:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order

---

[2] Federal Rule of Civil Procedure 60(b)(6) provides:
> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6).

[3] Federal Rule of Civil Procedure 60(d)(1)(2)(3) provides:
> **(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:
> **(1)** entertain an independent action to relieve a party from a judgment, order, or proceeding;
> **(2)** grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
> **(3)** set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d)(1),(2),(3).

directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.

The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.

The return and all suggestions made against it may be amended, by leave of court, before or after being filed.

The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243. 28 U.S.C. § 636(b)(1)(c) provides that:

**(b)(1)** Notwithstanding any provision of law to the contrary--

**(C)** the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further

>evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(1)(b)(C).

Petitioner asserts this Court failed to consider his objections to the Magistrate Judge's Report and Recommendation, and to "address whether the equitable claims presented to the habeas court merits extraordinary circumstances for equitable tolling." Petitioner's Motion for Relief ¶ 2. The Court finds that its August 30, 2011 Order was not contrary to 28 U.S.C. §§ 2243 and 636(b)(1)(C). The Court, after a de novo review of the Report and Recommendation, and petitioner's objections, adopted the Magistrate Judge's recommendation and dismissed petitioner's writ of habeas corpus as untimely. Petitioner acknowledges that his petition for writ of habeas corpus was untimely and has not provided any new assertions that would justify relief from this Court's Order entered on August 30, 2011.

Accordingly, the Court GRANTS petitioner's Motion for Reconsideration [docket no. 57], VACATES the Court's August 15, 2013 Order [docket no. 56], and DENIES petitioner's Motion Seeking Relief from Order/Judgment [docket no. 52].

**IT IS SO ORDERED this 26th day in February, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

4